UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 13-162-HRW

TROY KATES,                                                          PLAINTIFF,

v.                     MEMORANDUM OPINION AND ORDER

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for supplemental security income benefits on January 11, 2011, alleging disability beginning on July 16, 1992, due to chronic brain syndrome and epilepsy (Tr. 170). This application was denied initially and on reconsideration (Tr. 90-93, 97-99). Thereafter, upon request of Plaintiff, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Laura Whitten, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 10-20). Plaintiff was 53 years old at the time of the hearing decision. He has a 9th grade education and has no prior work history (Tr. 170-171).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of his application for benefits (Tr. 12).

The ALJ then determined, at Step 2, that Plaintiff suffers from cognitive disorder, not otherwise specified, with borderline intellectual functioning, epilepsy controlled with medications and a history of cerebral trauma, which he found to be "severe" within the meaning of the Regulations (Tr. 12).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

2

of the listed impairments (Tr. 12). In doing so, the ALJ specifically considered listings 11.03 and 12.02 (Tr. 13-14).

The ALJ further found that Plaintiff has the residual functional capacity ("RFC") to perform to perform light work with some postural, environmental and mental limitations (Tr. 14). The ALJ noted that if Plaintiff retained the ability to perform a full range of light work, the Medical-Vocational Guideline (grid) rule 202.10 would apply and Plaintiff would not be disabled. However, Plaintiff had additional limitations that eroded the light occupational base and so the ALJ relied on vocational expert (VE) to find that there was work existing in significant numbers that Plaintiff could perform (Tr. 20, 53-56).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12 ] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.    Plaintiff's Contentions on Appeal**

In his Motion for Summary Judgment, Plaintiff alleges the following issues on appeal:

A.  WHETHER THE ALJ'S DECISION THAT TROY KATES DOES NOT MEET LISTING 11.03 IS SUPPORTED BY SUBSTANTIAL EVIDENCE

B.  WHETHER THE ALJ'S DECISION IS CONTRARY TO APPLICABLE LAW DUE TO RELIANCE ON RULE 202.10 OF THE MEDICAL-VOCATIONAL GUIDELINES AT 20 CFR PART 404, SUBPART P, APPENDIX 2

C.  WHETHER THE ALJ COMMITTED REVERSIBLE ERROR BY RELYING ON A FRAUD REPORT WHICH IS ITSELF FRAUDULENT

D.  WHETHER THE ALJ IMPROPERLY FAILED TO CONSIDER THE COMBINED EFFECTS OF PLAINTIFF'S IMPAIRMENTS PER APPLICABLE LAW AND REGULATIONS

[Docket No. 11, pg. 2].

**C.    Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that  Plaintiff's first claim of error is that the ALJ failed to find that Plaintiff's impairment met or medically equaled Listing 11.03.

4

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id.* This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

Listing 11.03 is a listing for epilepsy found in the section on neurological impairments. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 11.00. To meeting listing 11.03, there must be:

5

> Nonconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

20 C.F.R. pt. 404, subpt. P, app. 1 § 11.03.

The introduction to the section on neurological disorders provides additional information on meeting the listing. "At least one detailed description of a typical seizure is required. Such description includes the presence or absence of aura, tongue bites, sphincter control, injuries associated with the attack, and postictal phenomena. The reporting physician should indicate the extent to which description of the seizures reflects his own observations and the source of ancillary information. **Testimony of persons other than the claimant is essential** for description of type and frequency of seizures if professional observation is not available." 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.00A (emphasis added).

In this case, the ALJ determined that Plaintiff did have epilepsy, and it is a "severe" impairment, but that Plaintiff's condition did not satisfy the requirements of Listing 11.03. The ALJ noted that Plaintiff did not have the requisite seizure pattern accompanied by altered awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day (Tr. 13).

Plaintiff claims he does meet Listing 11.03. However, in doing so, he relies solely on his own testimony. Plaintiff cites to his own testimony that he has these smaller seizures a couple times a day and he cites to his own testimony that during one of these seizures his head

6

swims. Plaintiff also cites to Dr. Robert C. Hoskins' report suggesting he found Plaintiff had these mild seizures frequently. However, it is clear from that report that Dr. Hoskins did not observe the seizures or episodes personally, but, rather, was recounting what Plaintiff reported (Tr. 299-301). Thus, there is no outside observation of these small seizures. The seizure listing requires there be testimony of persons **other than the claimant** for the description of the type and frequency of the seizures if professional observation is not available. 20 C.F.R. pt. 404, subpt. P, app. 1 § 11.00A. Plaintiff did not present any professional observation or other testimony of these small seizures. Thus, the ALJ's finding that Plaintiff did not meet Listing 11.03 is supported by substantial evidence.

Plaintiff's second claim of error is that the ALJ improperly relied upon the grids in assessing Plaintiff's RFC. However, it is clear from the hearing decision that the ALJ did not rely solely upon the grids. Instead, He found that Plaintiff's RFC did not fit with any of the corresponding criteria because of the non-exertional limitations (Tr. 19). Thus, the ALJ used the testimony of a vocational expert to fully and specifically consider all of Plaintiff's particular limitations (Tr. 53-56). 20 C.F.R. §§ 416.960(b)(2), 416.968(e). In response to a hypothetical question that encompassed the limitations in the RFC and Plaintiff's vocational factors, the VE testified that such an individual would be able to perform such jobs as bench assembly and final inspector (Tr. 54-55). The Court finds no error in this regard.

Plaintiff also argues that the ALJ did not properly evaluate his credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services,*

823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record.

In this case, the ALJ found that Plaintiff's allegations regarding the extent and severity of his symptoms are not supported by evidence in the record. For example, the undisputed medical evidence established that Plaintiff's seizures are well controlled by medication and that, according to his treating physician, he has not experienced a severe seizure in several years (Tr. 18). The ALJ further noted that inconsistencies in Plaintiff's testimony further detracted from his credibility. For example, the ALJ pointed out that contrary to Plaintiff's testimony that he had not been fishing in 5 years, reports from January and April 2011 reveal that he fishes 4-5 times a year (Tr. 18).

In urging error, Plaintiff contends that in making his credibility determination, the ALJ relied upon a report from an investigation by the Cooperative Disability Investigation Unit, which Plaintiff maintains is fraudulent. Plaintiff suggests the investigators compared the wrong documents, but the record does include a questionnaire from Plaintiff and a second from his brother in which he describes his seizures only as those of the grand mal type and alleges that they are continuing on a daily basis (Tr. 176-79, 201). Notably, Plaintiff does not identify any errors in the report or explain how the investigation was fraudulent. Even on the report where he distinguishes his first, more severe seizures from what he classifies now as "light" seizures, Plaintiff does not describe what occurs during the light seizures (Tr. 198-201). As such, it is unclear what, exactly, Plaintiff regards as erroneous.

8

Nonetheless, the ALJ did not adopt the report, but, rather, cited the conflicting statements therein, and concluded that they "cast great doubt on [Plaintiff's] credibility" (Tr. 18).

Given the various examples of suspect credibility cited by the ALJ, the Court finds that substantial evidence supports the ALJ's assessment of Plaintiff's credibility and, therefore, Plaintiff's argument is unavailing.

Finally, Plaintiff contends that the ALJ failed to consider the combined effects of Plaintiff's impairments. A review of the hearing decision belies this contention. In assessing the listings, the ALJ specifically found that "claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" and then when making the RFC finding, the ALJ stated that "[a]fter careful consideration of the entire record . . ." (Tr. 12, 14). The ALJ further stated that in making the RFC finding, he "considered all symptoms" (Tr. 15). Further, the RFC itself shows the ALJ considered the various impairments together, including limitations on hazards, specifically recognizing the borderline intellectual functioning, and the mental limitations (Tr. 14). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901

9

F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 24th day of March, 2015.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

Henry R. Wilhoit, Jr., Senior Judge